UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| COLLEEN CRAFTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CV421-268 |
| | ) |
| EFFINGHAM COUNTY SCHOOLS BOARD OF EDUCATION; DR. YANCY FORD, in his individual capacity and in his official capacity as Superintendent of the Effingham County Public Schools; LYNN ANDERSON; F. LAMAR ALLEN; BEN JOHNSON, and VICKIE DECKER, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Colleen Crafton, acting *pro se*,[1] filed this 42 U.S.C. § 1983 lawsuit alleging that her minor children have been injured by the defendants' implementation of a mask mandate. *See id.* at 1, 4-5. Before the Court can take any action in this case, it must consider whether Crafton may pursue a claim on her minor children's behalf without legal representation.

---

[1] Crafton is the only person who has signed the Complaint. *See* doc. 1 at 6.

1

Generally, a plaintiff may only assert her own rights; she lacks "standing" to assert a third party's claims. Standing, in this context, is an aspect of the Court's subject matter jurisdiction—the Constitutional limits on its power. *See, e.g., Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (explaining the jurisdictional significance of standing). As such, the Court has an obligation to verify its jurisdiction and plaintiff's standing. *See, e.g., United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990)) ("'The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines.'" (citation and alterations omitted)).

To determine whether a plaintiff has standing to sue, courts look to three elements: (1) injury in fact; (2) causation; (3) redressability. *Hays*, 515 U.S. at 743. The injury-in-fact element requires "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* Crafton has alleged that the defendants' actions in implementing a mask mandate, thereby requiring her children to wear masks to school, has harmed *her*

*children. See* doc. 1 at 6. She has not alleged any personal harm arising from the defendants' actions. *See generally* doc. 1. A litigant, like Crafton, can only assert her own legal rights and interests and "may not ordinarily rely on the rights and interests of third parties." *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994).

Although parties "may plead and conduct their own cases personally," 28 U.S.C. § 1654, it is generally the case that a parent, who is not an attorney, cannot pursue her child's case *pro se. See, e.g.*, *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("[W]e have held that parents who are not attorneys may not bring a pro se action on their child's behalf." (quotes and cite omitted)). The purpose of this rule is to protect the child's interest in the claim; the concern is that a parent, however well-intentioned, untrained in the law will not be able to adequately prosecute the case. *See Devine v. Indian River County School Bd.*, 121 F.3d 576, 582 (11th Cir. 1997*), overruling in part on other grounds recognized by Kell v. Smith*, 743 F. App'x 292, 294 (11th Cir. 2018) (noting that general prohibition on parental representation "helps to ensure that children rightfully entitled to legal relief are not deprived

of their day in court by unskilled, if caring, parents."). Crafton, acting *pro se*, cannot bring this action on behalf of her minor children.

At present, it appears that Crafton's complaint is subject to dismissal for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), as it is not clear that she has standing in her own right, and she may not represent her children *pro se*. Accordingly, she is **DIRECTED** to retain counsel to represent the interests of her minor children within 14 days from the date of this Order. Alternatively, to the extent Crafton is asserting claims on her own behalf, she is **DIRECTED** to file an Amended Complaint clarifying the injury she contends she suffered within 30 days of the date of this Order. She is advised that, if she proceeds *pro se*, any claims asserted on behalf of her children in the Amended Complaint may be subject to dismissal.

**SO ORDERED,** this 7th day of October, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA