UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| COLLEEN CRAFTON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CV421-268 |
| ) | |
| EFFINGHAM COUNTY SCHOOLS ) | |
| BOARD OF EDUCATION; DR. ) | |
| YANCY FORD, in his individual ) | |
| capacity and in his official capacity ) | |
| as Superintendent of the Effingham ) | |
| County Public Schools; LYNN ) | |
| ANDERSON; F. LAMAR ALLEN; ) | |
| BEN JOHNSON, and VICKIE ) | |
| DECKER, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Colleen Crafton filed this 42 U.S.C. § 1983 case alleging that the defendants' implementation of a masking policy deprived her of her "right to care for and maintain custody and control of her minor children." Doc. 8 at 2. Defendants moved to dismiss her Amended Complaint on January 26, 2022. Doc. 15. Defendants' Certificate of Service indicates that they mailed a copy to Crafton. *Id.* at 3; *see also* Fed. R. Civ. P. 5(b)(2)(C). Plaintiff has not responded. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("[E]ach party opposing

1

a motion shall serve and file a response within fourteen (14) days of service of the motion.").

Plaintiff's lack of response to the Motion to Dismiss indicates a failure to prosecute her claims. *See, e.g., Anderson v. Augustin*, 2020 WL 7873059 (S.D. Ga. Dec. 8, 2020) (construing failure to respond to motion to dismiss as a failure to prosecute), *adopted* 2021 WL 27304 (S.D. Ga. Jan. 4, 2021). This Court has the inherent authority to dismiss claims for lack of prosecution. *See* S.D. Ga. L. Civ. R. 41.1(c); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution), *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Plaintiff's Amended Complaint should be **DISMISSED, without prejudice** for her failure to prosecute her case.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

---

[1] The fourteen-day objection period discussed below affords Crafton an opportunity to resuscitate her claims. If she wishes to prosecute this case, she must substantively respond to the Motion to Dismiss within that same period. In doing so, she must also explain why she failed to respond to the motion within the time set by this Court's local rules.

and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 10th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA